# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1275V**
UNPUBLISHED

|  |  |
|---|---|
| JULIO MENDOZA, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 20, 2023 |
| v. | Special Processing Unit (SPU); Joint |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON JOINT STIPULATION[1]

On September 28, 2020, Julio Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), which meets the definition for a Table GBS or, in the alternative, was caused-in-fact by the influenza vaccine he received on October 9, 2017. Petition at 1, ¶¶ 1, 39; Stipulation, filed at Jan. 19, 2023, ¶¶ 1-2, 4. Petitioner further alleges that he received the flu vaccine within the United States, that he suffered the residual effects of his GBS for more than six months, and that neither he nor any other person has filed a civil action or received compensation for his GBS, alleged as vaccine caused. Petition at ¶¶ 1, 37-38; Stipulation at ¶¶ 3-5. "Respondent denies that . . . [P]etitioner sustained a GBS Table injury; denies that the vaccine caused [P]etitioner's alleged GBS, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on January 19, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

1. **A lump sum payment of $154,195.42, representing compensation for first year life care expenses and pain and suffering in the form of a check payable to Petitioner**

2. **A lump sum payment of $82,268.65, representing compensation in satisfaction of a Medicaid lien for services rendered to Petitioner, in the form of a check payable jointly to Petitioner and the Anthem Blue Cross Blue Shield Healthcare Solutions, Medicaid Managed Care Program, and mailed to:**

Anthem Blue Cross Blue Shield Healthcare Solutions, Medicaid Managed Care
Department of Health Care Services
CLAIMS RECOVERY SERVICES L-3994
Columbus, OH 43260-3994
Tax ID: 41-1858498

Petitioner agrees to endorse this payment to Anthem Blue Cross Blue Shield Healthcare Solutions.

3. **An amount sufficient to purchase an annuity contract, as described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under Section 15(a).

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIO MENDOZA, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) No. 20-1275V (ECF) |
| SECRETARY OF HEALTH | ) Chief Special Master Corcoran |
| AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Julio Mendoza, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu vaccination on September 22, 2017.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from Guillain Barre Syndrome ("GBS") within the time period set forth in the Table. He further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged GBS, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $154,195.42, which amount represents compensation for first year life care expenses and pain and suffering, in the form of a check payable to petitioner;

    b. A lump sum of $82,268.65,[1] representing reimbursement of a lien for services rendered to petitioner, in the form of a check payable jointly to petitioner and the Anthem Blue Cross Blue Shield Healthcare Solutions, Medicaid Managed Care Program:

Anthem Blue Cross Blue Shield Healthcare Solutions, Medicaid Managed Care
Department of Health Care Services
CLAIMS RECOVERY SERVICES L-3994
Columbus, OH 43260-3994
Tax ID: 41-1858498

Petitioner agrees to endorse this check to Anthem Blue Cross Blue Shield Healthcare Solutions.

    c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Anthem Blue Cross Blue Shield may have against any individual as a result of any Medicaid payments made to or on behalf of Julio Mendoza as a result of his alleged vaccine-related injury suffered on or about September 22, 2017, under Title XIX of the Social Security Act. *See* 42 U.S.C. § 300aa-15(g),(h).

2

These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
       AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
       AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Julio Mendoza, pursuant to which

the Life Insurance Company will agree to make payments periodically to petitioner as follows

for the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable life care expenses, beginning on the first anniversary of the
date of judgment, an annual amount of $24,195.42 to be paid for the remainder of
petitioner's life, increasing at the rate of three percent (3%), compounded annually from
the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid

to petitioner and do not require that the payment be made in one annual installment. Petitioner

will continue to receive the annuity payments from the Life Insurance Company only so long as

he, Julio Mendoza, is alive at the time that a particular payment is due. Written notice shall be

provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Julio Mendoza's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

4

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 22, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about September 28, 2020, in the United States Court of Federal Claims as petition No. 20-1275V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

5

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

6

Respectfully submitted,

PETITIONER,

JULIO MENDOZA

**ATTORNEY OF RECORD**
**FOR PETITIONER:**

JOHN R. HOWIE, JR., ESQ.
HOWIE LAW, P.C.
2608 Hibernia Street
Dallas, Texas 75204
Tel: (214) 622-6340
Email: jhowie@howielaw.net

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

George R. Grimes -S14   Digitally signed by George R. Grimes -S14
Date: 2023.01.06 16:24:26 -05'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

SARAH B. RIFKIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-5997
Email: sarah.rifkin@usdoj.gov

Dated: Jan 19, 2023

7